IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | **COMPLAINT** |
| LAWRENCE TRANSPORTATION SYSTEMS, INC., | ) ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Christopher Woodson ("Woodson"), who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") contends that Defendant Lawrence Transportation Systems, Inc. ("Defendant") discriminated against Woodson when it refused to accommodate Woodson's religious beliefs, and failed to hire him because of his religion, Rastafarian.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Virginia, Harrisonburg Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Virginia corporation doing business in the State of Virginia and the City of Waynesboro, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Woodson filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about May 2008, Defendant engaged in unlawful employment practices at its facility located in Waynesboro, Virginia in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by refusing to accommodate the religious belief and practice of Woodson and failing to hire him because of his religion, Rastafarian.

8. Woodson has been a practicing Rastafarian since 2004. Rastafarians do not cut their hair based on their sincerely held religious belief that they should grow their hair in an unbridled or dreadlocked fashion in order to be one with nature. Woodson has worn his hair and beard in the dreadlock hairstyle from 2004 to the present, in accordance with this sincerely held religious belief.

9. Defendant has a grooming policy that requires hair, facial hair, beards and general grooming to be "neat, clean and trimmed."

10. On or about May 2008, Woodson applied at Defendant's Waynesboro, Virginia location for a vacant loader position with Defendant's domestic moving goods division. Approximately one week later Woodson spoke to a manager (the "Manager") at Defendant's facility about the status of his application. Defendant's Manager told Woodson that the company was interested in hiring Woodson for the vacant loader position if Woodson would cut his hair. Woodson told the Manager that he is a Rastafarian and that he could not cut his hair because his dreadlocked hairstyle was part of his religious beliefs. Woodson offered to tie his hair up, wear a head wrap or wear a cap over his head to ensure that he would not be in violation of Defendant's grooming policy. The Manager rejected all of Woodson's offers and informed him that the Defendant would not hire him if he did not cut his hair. Defendant thereby refused to accommodate and hire Woodson because of his religion, Rastafarian.

11. Woodson was qualified to perform the job duties of the position he sought as a loader. Woodson has fourteen years of experience in the moving industry doing the same type of work that he would have done in the position with Defendant. Prior to becoming a Rastafarian in 2004, Woodson worked as a loader for the Defendant for several years before voluntarily leaving his employment with Defendant.

12. The effect of the practices complained of above has been to deprive Woodson of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

13. The unlawful employment practices complained of above were intentional.

14. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Woodson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against current or future employees based on their religious beliefs and their refusal to violate their religious beliefs.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination, all of which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Woodson whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, asserted in paragraph 10 above, including but not limited to offering Woodson a position as a loader.

  D. Order Defendant to make Woodson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  E. Order Defendant to make Woodson whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

  F. Order Defendant to pay Woodson punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

  DATED this the ____ day of September, 2010.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
131 M Street, N.E.
Washington, D.C. 20507

 s/ Suzanne L. Nyfeler_____
SUZANNE L. NYFELER
VA Bar No. 40450
Senior Trial Attorney
Richmond Local Office
830 East Main Street, Suite 600
Richmond, Virginia 23219
Telephone:    (804) 771-2215
Facsimile:    (804) 771-2222
Suzanne.nyfeler@eeoc.gov


ATTORNEYS FOR PLAINTIFF